J-A22030-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERRY M. BURKHALTER | : | |
| | : | |
| Appellant | : | No. 121 WDA 2023 |

Appeal from the Judgment of Sentence Entered January 3, 2023
In the Court of Common Pleas of Greene County Criminal Division at
No(s):  CP-30-CR-0000337-2021

BEFORE:  BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY OLSON, J.:  **FILED:  October 30, 2023**

Appellant, Terry M. Burkhalter, appeals from the judgment of sentence entered January 3, 2023, as made final by the denial of his post-sentence motion on January 19, 2023.  We affirm.

On July 7, 2021, the victim in this case was walking across the intersection of East and High Streets in Waynesburg, Pennsylvania, when Appellant, who was in a red Lincoln MKZ parked on High Street, exited his vehicle, threw the victim to the ground, and fled the scene.  Appellant was later apprehended by Officer Shawn Wood with the Waynesburg Police Department.

Appellant's jury trial commenced on June 28, 2022.  At the outset of the trial, however, Appellant left the courthouse.  N.T. Trial, 6/29/22, at *21 (unpaginated).  As such, Appellant's counsel made an oral motion for a continuance*.  **Id.**  The trial court denied the motion, but gave a curative

instruction to the jury. *Id.* at *22-*24. Ultimately, the jury found Appellant guilty of disorderly conduct[1] and simple assault.[2] After the jury was dismissed, the court found Appellant guilty of harassment,[3] a summary offense. On January 3, 2023, Appellant was sentenced to one to two years' incarceration. Appellant filed a post-sentence motion on January 5, 2023, which the trial court denied on January 19, 2023. This timely appeal followed.

Appellant raises the following issues on appeal:

1. Was the verdict, as it pertains to the conviction[s] of simple assault, disorderly conduct, and harassment, against the weight of the evidence?

2. Was the verdict, as it pertains to the conviction[s] of simple assault, disorderly conduct, and harassment, [supported by sufficient evidence]?

3. Was the denial of Appellant's counsel's motion to continue appropriate given the circumstances?

4. Was the sentence, as it pertains to the conviction[s] of simple assault, disorderly conduct, and harassment, [an abuse of discretion]?

Appellant's Brief at 4-5.

In Appellant's first issue, he claims his convictions for simple assault, disorderly conduct, and harassment were against the weight of the evidence. The basis for Appellant's claim is his belief that the Commonwealth's witnesses

_____

[1] 18 Pa.C.S.A. § 5503(a)(1).

[2] 18 Pa.C.S.A. § 2701(a)(1).

[3] 18 Pa.C.S.A. § 2709(a)(1).

presented "contradictory and unclear" testimony regarding the incident. Appellant's Brief at 15. We disagree.

When considering a challenge to the weight of the evidence offered in support of a criminal conviction, our standard of review is well settled.

> The essence of appellate review for a weight claim appears to lie in ensuring that the trial court's decision has record support. Where the record adequately supports the trial court, the trial court has acted within the limits of its discretion.
>
> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.
>
> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court. Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.

*Commonwealth v. Windslowe*, 158 A.3d 698, 712 (Pa. Super. 2017) (quotations omitted), *appeal denied*, 171 A.3d 1286 (Pa. 2017). "To successfully challenge the weight of the evidence, a defendant must prove the evidence is so tenuous, vague and uncertain that the verdict shocks the conscience of the court." *Id.* (citations and internal quotations omitted).

The entirety of Appellant's argument challenges the credibility of the Commonwealth's witnesses' testimony. We conclude that the trial court did

not abuse its discretion in denying Appellant's challenge to the weight of the evidence. The jury heard the evidence introduced at trial and was free to determine the weight of the evidence and testimony. It is the fact-finder's duty to assess credibility and we may not substitute our judgement for the jury's findings. Moreover, the evidence was not so tenuous, vague and uncertain that the verdict shocked the conscious of the court. Accordingly, Appellant's weight of the evidence claim fails.

In Appellant's second issue, he argues that the Commonwealth presented insufficient evidence to support his convictions for simple assault, disorderly conduct, and harassment. In particular, Appellant claims that the Commonwealth failed to establish Appellant's intent with respect to each offense. Appellant's Brief at 18-20. We disagree.

> Our standard of review in a sufficiency of the evidence challenge is to determine if the Commonwealth established beyond a reasonable doubt each of the elements of the offense, considering all the evidence admitted at trial, and drawing all reasonable inferences therefrom in favor of the Commonwealth as the verdict-winner. The trier of fact bears the responsibility of assessing the credibility of the witnesses and weighing the evidence presented. In doing so, the trier of fact is free to believe all, part, or none of the evidence.

*Commonwealth v. Newton*, 994 A.2d 1127, 1131 (Pa. Super. 2010) (quotation omitted), *appeal denied*, 8 A.3d 898 (Pa. 2010).

Section 2701(a)(1) of the Crimes Code provides, in relevant part, that a person is guilty of simple assault if he "attempts to cause or intentionally, knowingly, or recklessly causes bodily injury to another[.]" 18 Pa.C.S.A.

§ 2701(a)(1); *see also Commonwealth v. Jenkins*, 96 A.3d 1055, 1061 (Pa. Super. 2014) (stating, "[a] conviction for simple assault requires the Commonwealth to establish that a defendant caused, or attempted to cause, bodily injury to another person") (citation omitted). Section 5503(a)(1) of the Crimes Code states, in relevant part, that a person is "guilty of disorderly conduct if, with the intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he[] engages in fighting or threatening, or in violent or tumultuous behavior[.]"  18 Pa.C.S.A.  § 5503(a)(1).  Section 2709 of the Crimes Code provides, in relevant part, that a "person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person[] strikes, shoves, kicks or otherwise subjects the other person to physical contact, or attempts or threatens to do the same[.]"  18 Pa.C.S.A. § 2709(a)(1).

The Crimes Code defines the terms "knowingly," "intentionally," and "recklessly" as follows:

> **§ 302. General requirements of culpability**
>
> ***
>
> (b) Kinds of culpability defined.--
>
>> (1) A person acts intentionally with respect to a material element of an offense when:
>>
>>> (i) if the element involves the nature of his conduct or a result thereof, it is his conscious object to engage in conduct of that nature or to cause such a result; and
>>>
>>> (ii) if the element involves the attendant circumstances, he is aware of the existence of such

circumstances or he believes or hopes that they exist.

(2) A person acts knowingly with respect to a material element of an offense when:

(i) if the element involves the nature of his conduct or the attendant circumstances, he is aware that his conduct is of that nature or that such circumstances exist; and

(ii) if the element involves a result of his conduct, he is aware that it is practically certain that his conduct will cause such a result.

(3) A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

18 Pa.C.S.A. § 302(b)(1-3). Importantly, "[i]ntent can be proven by direct or circumstantial evidence; it may be inferred from acts or conduct or from the attendant circumstances." *Commonwealth v. Miller*, 172 A.3d 632, 641 (Pa. Super. 2017) (citation and original quotation marks omitted), a*ppeal denied*, 183 A.3d 970 (Pa. 2018).

Upon review, we conclude that the Commonwealth presented sufficient evidence to prove Appellant's intent and, therefore, support his convictions for simple assault, disorderly conduct, and harassment. First, the victim testified that, as he was crossing the street, Appellant saw him while driving the red Lincoln MKZ, "slam[med] his brakes [] and jumped out of the car[,] grabbed ahold of [the victim] and beat the crap out of [the victim]." N.T.

Trial, 6/28/22, at *29-*30 (unpaginated). The victim's testimony was supported by an eyewitness, Mark Durbin, who stated:

> So [on] July 7th . . . me and my mom [were] driving up High Street, and I [saw] the older gentlemen about to walk into the road, and there was a big box truck in the way. And traffic was stopped, and I [saw] a younger guy get out of a red car and push the older man to the ground.

*Id*. at *45. In addition, Officer Shawn Wood testified that, after apprehending Appellant, Appellant provided him the following statement:

> [Appellant] stated he was at that location waiting for friends, picking some people up. I can [not] remember if he was picking them up or dropping them off. He said he was seated in the car and a gentlemen crossed the street aggressively at him, and he exited his car and threw him to the ground.

*Id*. at *68. A review of the aforementioned testimony confirms that the Commonwealth, through direct evidence, established that Appellant exited his vehicle, approached the victim, and threw him to the ground. Hence, we conclude that the Commonwealth presented sufficient evidence to support Appellant's convictions.

In Appellant's third issue, Appellant claims that the trial court erred when it denied his request for a continuance. Appellant's Brief at 20.

> A decision to grant or deny a continuance rests within the sound discretion of the trial court. We will not reverse a trial court's decision absent a showing of abuse of that discretion or prejudice to the defendant. An abuse of discretion is not merely an error of judgment. Rather, discretion is abused when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record.

*Commonwealth v. Tucker*, 143 A.3d 955, 966 (Pa. Super. 2016) (quotation

marks, citations, and corrections omitted).

Pennsylvania Rule of Criminal Procedure 106 governs the disposition of

continuance requests.  The rule provides:

> (A) The court ... may, in the interests of justice, grant a continuance, on its own motion, or on the motion of either party.
>
> ***
>
> (C) When the matter is in the court of common pleas, the judge shall on the record identify the moving party and state of record the reasons for granting or denying the continuance. ...
>
> (D) A motion for continuance on behalf of the defendant shall be made not later than 48 hours before the time set for the proceeding. A later motion shall be entertained only when the opportunity therefor did not previously exist, or the defendant was not aware of the grounds for the motion, or the interests of justice require it.

Pa.R.Crim.P. 106.

Herein, Appellant presented to the courthouse on the day of trial,

requested to use the restroom before trial commenced, and then left the

courthouse.  Appellant's Brief at 22.  While the trial court was under the

impression that Appellant was still in the courthouse, but in the restroom, it

informed the jury as such.  *Id.*  After its initial instructions, however, it came

to Appellant's counsel's and the court's attention that Appellant absconded.

*Id.*  Appellant's counsel requested a continuance immediately thereafter.  *Id.*

The trial court denied Appellant's counsel's motion and, instead, provided the

following instruction to the jury:

Now, [Appellant] was here earlier. He spoke to his attorney. He has no obligation to remain and no obligation to testify. He apparently has confidence in his attorney and indicated he is not going to be here. We are going to move forward in his absence. And I will tell you this, it is an absolute right of the defendant to remain silent and he has no burden. We emphasize that again.

So[,] that means that the Commonwealth has to prove their case as they always have, and I will just instruct now and I [will] instruct you again that you cannot hold the fact that he has not appeared against him. Let me read this instruction that would normally be an instruction that we would read at the end, and I [am] going to assume that [Appellant] is not going to testify. If that would change, I certainly will give you a different instruction.

This is the instruction that you [will] get now. This is the instruction that I may repeat again. The defendant does not have to take the witness stand in defense of himself. He does not have to present his side of the incident. You cannot hold that against that person, [Appellant]. As I mentioned, the burden is entirely upon the Commonwealth to prove beyond a reasonable doubt, and they have to do that by their own evidence.

The defendant does not have to produce any evidence, and you must not draw any inference adverse to the defendant because they may not have, especially with regard to testimony, and you cannot and I instruct you now to not draw any inference from the fact that [Appellant] has decided not to appear, or not to participate, let's say it that way.

N.T. Trial, 6/28/22, at *22-*24 (unpaginated). On appeal, Appellant argues that, despite the court's instruction, the court erred in denying his request for a continuance because "[s]uch a situation create[d] a bias and presumption of guilt that is unable to be overcome with normal jury instructions." Appellant's Brief at 23.

- 9 -

Upon review, we conclude Appellant's claim of error fails – and does so for two reasons. First, like the trial court, we conclude that, by leaving the courthouse after initially presenting to the court, but before trial began, Appellant impliedly waived his right to be present at trial. **See Commonwealth v. Wilson**, 712 A.2d 735, 737 (Pa. 1998) ("When a defendant is initially present at the time the trial commences, then flees or fails to attend further proceedings, he or she is deemed to have knowingly and voluntarily waived his or her right to be present."); **see also Commonwealth v. Faulk**, 928 A.2d 1061, 1066 (Pa. Super. 2007) (explaining that "a defendant may be tried *in absentia* if he or she is absent without cause when the trial is scheduled or if the defendant absconds without cause after the trial commences"). Second, to counter the potential prejudice to Appellant, the trial court issued a curative instruction. In particular, the trial court instructed the jury not to hold Appellant's failure to attend trial against him. **See** N.T. Trial, 6/28/22, at *22-*24 (unpaginated). It is well-established that jurors are presumed to follow the trial court's instructions. **Commonwealth v. Patterson**, 180 A.3d 1217, 1228 (Pa. Super. 2018), *citing* **Commonwealth v. Spotz**, 896 A.2d 1191, 1224 (Pa. 2006); **see also Commonwealth v. O'Hannon**, 732 A.2d 1193, 1196 (Pa. 1999) ("Absent evidence to the contrary, the jury is presumed to have followed the trial court's instructions."). Based upon the foregoing, we conclude Appellant's claim of error fails.

Lastly, Appellant raises a challenge to the discretionary aspects of his sentence. Appellant's Brief at 23. This Court previously explained:

> It is well-settled that "the right to appeal a discretionary aspect of sentence is not absolute." ***Commonwealth v. Dunphy***, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, we should regard his[, or her,] appeal as a petition for allowance of appeal. ***Commonwealth v. W.H.M.***, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in ***Commonwealth v. Moury***, 992 A.2d 162 (Pa. Super. 2010):
>
>> An appellant challenging the discretionary aspects of his[, or her,] sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>>
>>> We conduct a four-part analysis to determine: (1) whether appellant [] filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, [***see***] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> [***Moury***, 992 A.2d] at 170 [(citation omitted)]. We evaluate on a case-by-case basis whether a particular issue constitutes a substantial question about the appropriateness of sentence. ***Commonwealth v. Kenner***, 784 A.2d 808, 811 (Pa. Super. 2001).

***Commonwealth v. Hill***, 210 A.3d 1104, 1116 (Pa. Super. 2019) (original brackets omitted).

Here, Appellant filed a timely post-sentence motion and notice of appeal. Appellant, however, failed to include a Rule 2119(f) statement in his appellate brief. Nonetheless, because the Commonwealth did not file a brief and,

therefore, did not object to Appellant's failure to include a Rule 2119(f) statement, we will not find Appellant's discretionary sentencing claim waived. ***Commonwealth v. White***, 193 A.3d 977, 982 (Pa. Super. 2018). Thus, Appellant preserved his current appellate challenge. We will now determine whether Appellant's claim presents a "substantial question that the sentence appealed from is not appropriate under the Sentencing Code." ***Commonwealth v. Cook***, 941 A.2d 7, 11 (Pa. Super. 2007). Generally, to raise a substantial question, an appellant must "advance a colorable argument that the trial judge's actions were: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. McKiel***, 629 A.2d 1012, 1013 (Pa. Super. 1993); ***Commonwealth v. Goggins***, 748 A.2d 721, 726 (Pa. Super. 2000) (*en banc*), *appeal denied*, 759 A.2d 920 (Pa. 2000).

Herein, Appellant takes issue with the fact that the trial court imposed a sentence within the standard range. Appellant ostensibly claims that the trial court failed to consider various mitigating factors when fashioning his sentence, including the effect Appellant's sentence would have on his young children, his previous mental health issues, his struggles with substance abuse, and other matters. Appellant's Brief at 24-26. Our case law is clear that claims of inadequate consideration of mitigating factors do not raise a substantial question. ***See Commonwealth v. Crawford***, 257 A.3d 75, 79 (Pa. Super. 2021); ***see also Commonwealth v. Velez***, 273 A.3d 6, 10 (Pa. Super. 2022) (noting that the "weight accorded to the mitigating factors or

aggravating factors presented to the sentencing court is within the [sentencing] court's exclusive domain."). As Appellant did not raise a substantial question, we will not review the merits of his discretionary sentencing claim.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/30/2023